# Exhibit "A"

*Complaint*

Electronically Filed
9/3/2020 4:43 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
BOYD B. MOSS III, ESQ.
Nevada Bar No. 8856
boyd@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

CASE NO: A-20-820685-C
Department 31

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA TERESA RUIZ RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Foreign Corporation, d/b/a WALMART; DOUG AYERST, an Individual; DOE EMPLOYEE; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br><br><br><br>**COMPLAINT** |

Plaintiff, MARIA TERESA RUIZ RAMIREZ, by and through her attorneys, BOYD B. MOSS III, ESQ., and JOHN C. FUNK, ESQ., of the law firm of MOSS BERG INJURY LAWYERS, and for her causes of action against Defendant, hereby alleges as follows:

1. That at all times relevant to these proceedings, Plaintiff, MARIA TERESA RUIZ RAMIREZ was and is a resident of Bell Gardens, California.

2. Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, WALMART INC., (hereinafter referred to as Defendant "WALMART"), was and is a Foreign Corporation, organized and existing pursuant to the laws

1

of the State of Nevada, and authorized to do and doing business in Clark County, Nevada as Walmart, located at 2310 East Serene Avenue, Las Vegas, Nevada 89123 (hereinafter referred to as "Subject Premises").

3. Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant, DOUG AYERST (hereinafter referred to as Defendant "AYERST") is a citizen and resident of Nevada and was and is the store manager of Defendant, WALMART and is a resident of Clark County, Nevada and was responsible for managing the WALMART located at 2310 East Serene Avenue, Las Vegas, Nevada 89123, in Clark County, Nevada, including but not limited to, inspecting and/or maintaining the Subject Premises of Defendant, WALMART and making sure the Subject Premises is safe and free from hazardous conditions for guests.

4. Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, DOE EMPLOYEE was and is an unknown employee of Defendant, WALMART and was and is a resident of Clark County, Nevada, and was responsible for inspecting and/or maintaining Defendants' premises. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOE EMPLOYEE when the same have been fully ascertained.

5. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on the Subject Premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert

2

the true names and capacities of DOES I through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

6. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as ROE CORPORATIONS I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as ROE CORPORATIONS are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on Defendant's premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of ROE CORPORATIONS I through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

7. That on or about August 25, 2019 Plaintiff was a guest on the Subject Premises, commonly known as Walmart.

8. At that same time and place, Defendants, and each of them, so carelessly and negligently created, owned, controlled, inspected, and/or maintained the premises in an unstable and dangerous manner so as to allow a hazardous condition, to exist on the Subject Premises, specifically, an unreasonably wet floor, where Defendants were aware numerous customers would be constantly walking, which, without proper warning of the hazard, caused Plaintiff to slip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

9. That as a direct and proximate result of the Defendants, and each of them, and/or their employee/agent's negligent acts and/or omissions and/or breach of duty, Defendants forced Plaintiff to encounter a dangerous condition by creating and/or allowing a liquid substance to exist on the floor of a main walkway, to exist on the Subject Premises, thereby causing Plaintiff to slip and fall.

10. Defendants, and each of them, carelessly and negligently failed to warn of a hazard with respect to the Subject Premises, thereby forcing Plaintiff to encounter a dangerous condition on the Subject Premises, resulting in Plaintiff sustaining serious injuries and damages.

11. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff sustained severe and debilitating injuries to her neck, back, head, left arm, left shoulder, left hip and left leg, among others, all or some of which conditions may be permanent or disabling in nature, causing general damages in an amount to be determined at trial.

12. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees, interest, and costs.

13. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto in an amount to be determined.

14. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has incurred substantial out-of-pocket expenses, including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

15. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy and limitations associated with her injuries into the foreseeable future.

16. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has suffered and continues to suffer a significant deterioration in Plaintiff's enjoyment of life and lifestyle.

17. That Plaintiff has had to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

WHEREFORE, Plaintiff, expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

3. Reasonable attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper in the premises.

DATED this ___1___ day of ~~August~~ September, 2020.

MOSS BERG INJURY LAWYERS

By: _____
BOYD B. MOSS III, ESQ.
Nevada Bar No. 8856
boyd@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*